# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ALEXANDRIA COX, on behalf of herself and all others similarly situated,** ) ) ) | **CASE NO. 1:13 CV 2656** |
| **Plaintiffs,** ) ) | |
| v. ) ) | **JUDGE DONALD C. NUGENT** |
| **ENTERTAINMENT U.S.A. OF CLEVELAND, INC., d/b/a Christie's Cabaret, et al.,** ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** ) | |

This matter is before the Court on the Motion for Conditional Certification and Judicial Notice Pursuant to Section 216(B) of the Fair Labor Standards Act ("FLSA") filed by Plaintiff, Alexandria Cox. (Docket #18.) Plaintiff filed this lawsuit on December 2, 2013 and alleges that Plaintiff and other dancers at Christie's Cabaret were misclassified as independent contractors by Defendants, in violation of the FLSA, 28 U.S.C. §§ 201 *et seq*. Plaintiff moves this Court to authorize notice of this action, and an opportunity to opt-in, to dancers who have performed at Christie's Cabarets in Cleveland, Brunswick and Canton, Ohio; in Greensboro, North Carolina; and, in Phoenix, Glendale and Tempe, Arizona. Another woman who worked as a dancer at Christie's Cabaret, Jennifer Martin, filed a Consent to Become a Party Plaintiff, on March 17, 2014. (Docket #12.)

**Discussion**

The FLSA provides a private cause of action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Collective actions brought under the FLSA require putative class members to affirmatively opt-in to the action and it is a plaintiff's burden to prove that potential opt-in plaintiffs are "similarly situated" to the lead plaintiff. *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 822-23 (N.D. Ohio 2011).

Courts generally follow a two-stage certification process to determine whether a suit such as this can proceed as a collective action. The first, or "notice" stage, requires a plaintiff to demonstrate that she is similarly situated to the employees she seeks to notify of the pending action. *Id.* at 823. "While the evidentiary threshold for demonstrating that similarly situated employees exist is not high, a plaintiff must demonstrate a factual nexus – that is, something more than mere allegations – to warrant conditional certification and the delivery of notice to potential class members." *O'Neal v. Emery Federal Credit Union*, Case No. 1:13 CV 22, 2013 U.S. Dist. LEXIS 110383 (S.D. Ohio, August 6, 2013). The second stage, arising only in the event conditional certification has been granted, allows a defendant to file a motion to decertify the class in the event discovery reveals the individualized nature of the claims presented. *Creely*, 789 F. Supp. 2d at 823.

"It is not the role of the Court at [the notice] stage of the proceedings to decide the case on the merits." *Jimenez v. Lakeside Pic-N-Pac, L.L.C.*, 2007 U.S. Dist. LEXIS 91989, 13 Wage & Hour Cas. (BNA) 624 (W.D. Mich. 2007) (citing *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006)). Nevertheless, the Court must be satisfied that there is a

factual basis for plaintiff's claims before judicial approval of sending notice is granted. *Id.* (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)).

When, as in this case, some discovery has been conducted on the issue of conditional certification, it is common for courts to follow the standard outlined in *Creely*, 789 F. Supp. 2d 819, to determine whether conditional certification is proper.

> [The] Court will consider the evidence submitted by both parties but, because the cases have not yet progressed to stage two and the Court only has an incomplete factual record, it is appropriate to require Plaintiffs to make a modest "plus" factual showing that there is a group of potentially similarly situated plaintiffs that may be discovered by sending opt-in notices.
>
> However, in order to provide some measurable standard by which to judge if Plaintiffs have made a sufficient modest "plus" factual showing, and to prevent the absurd result of granting the parties time to do discovery on the conditional certification question but subsequently imposing no incremental hurdle in determining whether Plaintiffs may send opt-in notices, this Court will compare Plaintiffs' allegations set forth in their Complaint with the factual record assembled through discovery . . . to determine whether Plaintiffs have made sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly situated employees exists. In other words, the Court will review whether Plaintiffs have advanced the ball down the field — showing that it is more likely that a group of similarly situated individuals may be uncovered by soliciting opt-in plaintiffs. And, because the Court will continue to use a lenient standard, Plaintiffs need not have moved the ball far down the field, but they need to have shown some progress as a result of the discovery as measured against the original allegations and defenses.

*Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 826-827 (N.D. Ohio 2011).

As an initial matter, the Court is mindful of the time line in this case. Plaintiff opted-in to a different, nearly identical case against a different adult entertainment venue, brought by the same lawyer (Gary Lynch) in Pittsburgh, Pennsylvania, on November 15, 2013, only 3 days prior to arriving at Christie's on November 18, 2013 – where she danced for a day or two – and then signed a consent to bring this case on November 29, 2013. Therefore, while not dispositive of whether conditional certification is warranted, when coupled with the fact that Plaintiff

-3-

presented what has proven through limited discovery to be a Declaration rife with false statements of which she has no direct knowledge, the Court cannot help but be concerned as to Plaintiff's motive in filing this case.

Plaintiff and her Counsel seek the names and personal contact information of potentially hundreds of Christie's entertainers and, while privacy concerns generally will not preclude conditional certification, the Court must thoroughly analyze whether Plaintiff has in fact proven that she is similarly situated to those she seeks to notify. The Court must "be careful to guard against the 'stirring up' of litigation through unwarranted solicitation." *Lacy v. Reddy Elec. Co.*, No. 3:11 CV 52, 2011 U.S. Dist. LEXIS 142050 at *2 (S.D. Ohio. Dec. 9, 2011).

Despite having three months within which to conduct discovery on the issue of conditional certification, Plaintiff has failed show progress when measured against the original allegations and defenses. During deposition, Plaintiff admitted that many of the allegations she raised in her Declaration, attesting to her experience at Christie's during the one or two days she danced there, were untrue and/or that she had not personally experienced or witnessed the conditions of which she complains. Plaintiff offers a copy of Defendants' Operations Manual to support the allegations raised in her Declaration. However, the deposition testimony submitted to the Court demonstrates that although the Manual exists, it may or may not have been followed. Further, statements provided by other dancers contradict Plaintiff's assertions. Since this case was filed in November 2013, only one other potential opt-in plaintiff, Jennifer Martin, has filed a notice of consent to join this suit.[1] Ms. Martin provides an Affidavit almost identical,

---

[1]

Courts in other Circuits require a representative plaintiff to additionally show that other employees desire to opt-in. *See Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F.Supp2d 200, 205

word for word, to that of Ms. Cox's Declaration. However, no deposition testimony is available to support or refute the statements made therein.

"[A] conditional order approving notice to prospective co-plaintiffs in a suit under § 216(b) is not appealable." *Snide v. Discount Drug Mart, Inc.*, No 1:11 CV 244, 2011 U.S. Dist. LEXIS 13376, at *4 (N.D. Ohio Oct. 7, 2011) (quoting *Albright v. Gen. Die Casters, Inc.*, 2010 U.S. Dist. LEXIS 142329, at *1 (N.D. Ohio July 14, 2010)). Therefore, the Court must exercise caution in determining whether certification is appropriate. Based on the limited discovery conducted in this case for purposes of conditional class certification, Plaintiff has demonstrated she has no direct knowledge of anything that happened at Christie's at any time aside from the two days[2] she danced there in November 2013. Plaintiff admitted during deposition that during her two days at Christie's, she was not subject to the conditions she complains of which form the basis of this lawsuit. Furthermore, Plaintiff does not appear to have any direct knowledge regarding the rules and procedures actually followed by the dancers she seeks to notify in this lawsuit who worked at other Christie's Cabarets. Based on Plaintiff's lack of direct knowledge; the false statements provided by Plaintiff in her Declaration; and, Plaintiff's limited and questionable experience at Christie's Cabaret, Plaintiff has failed to prove she is similarly situated to the other entertainers she seeks to notify of the pendency of this action.

---

n.5 (N.D.N.Y. 2009); *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 U.S. Dist. LEXIS 5002, at *9 (S.D. Tex. Jan. 24, 2007). The Sixth Circuit has neither required such a showing, nor held that such a showing is not required.

[2] *See Calder v. GGC-Baltimore, LLC*, Civil No. BPG-12-2350, 2013 U.S. Dist. LEXIS 94466 (D. Md. July 8, 2013) (finding conditional certification warranted only for dancers that worked at The Gentleman's Gold Club during the four months that the plaintiff worked there).

Therefore, under the facts and circumstances of this case, conditional certification is unwarranted.

## Conclusion

Plaintiff's Motion for Conditional Collective Action Certification (Docket #27) is hereby DENIED.  This case shall proceed only as to the named Plaintiff, Alexandria Cox.

IT IS SO ORDERED.

s/Donald C. Nugent<br>
DONALD C. NUGENT<br>
United States District Judge

DATED: August 29, 2014